DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio, appeals the decision of the Lorain County Court of Common Pleas, which denied its motion to reinstate mandatory fines and for writ of execution for costs. This Court affirms.
 I. {¶ 2} On April 10, 1996, appellee was indicted by the Lorain County Grand Jury on two counts of drug abuse, one count of falsification, and two counts of possession of drug abuse paraphernalia. On July 8, 1996, appellee entered a plea of guilty to the charges in the indictment. The trial court accepted appellee's guilty plea and sentenced him accordingly. Mandatory drug fines were imposed on counts one through four. These mandatory fines were suspended by the trial court on February 27, 1997, and again on March 28, 1997.
 {¶ 3} On October 19, 2005, after learning that the Lorain County Sheriff's Office was holding approximately $3,300 belonging to appellee, the State filed a motion to reinstate the mandatory fines and for a writ of execution of costs. The trial court denied the State's motion, finding that it lacked jurisdiction to address the issue. Appellant sought and was granted leave to appeal the trial court's decision. On appeal, the State presents one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO REINSTATE MANDATORY FINES AND FOR WRIT OF EXECUTION FOR COSTS BECAUSE THE TRIAL COURT HAD THE JURISDICTION TO CORRECT A VOID SENTENCE AND WAS REQUIRED AS A MATTER OF LAW TO CORRECT SUCH VOID SENTENCE."
 {¶ 4} In its sole assignment of error, the State argues that the trial court erred in denying its motion to reinstate mandatory fines and for writ of execution for costs. Specifically, the State argues that appellee's sentence was void and that the trial court had jurisdiction to correct such a void sentence. This Court disagrees.
 {¶ 5} Appellant was sentenced on February 27, 1997. The sentencing entry stated: "Mandatory fines are HELD IN ABEYANCE pending hearing or/SUSPENDED pursuant to the affidavit of indigency." On March 28, 1997, an entry was journalized stating that the mandatory fines in appellant's case were suspended upon the filing of an "affidavit of poverty." There is no record of an affidavit of indigency being filed on appellant's behalf in the trial court's docket. The State argues that the trial court erred in suspending the mandatory fines because appellant failed to file an affidavit of indigency prior to sentencing. As they existed in 1996, R.C. 2925.11 and 2925.14 provided that a trial court could suspend a mandatory drug fine upon the filing of an affidavit of poverty prior to sentencing. See State v. Gipson
(1998), 80 Ohio St.3d 626. While it appears from the record that the State is correct in its assertion that the trial court erred in suspending the mandatory fines because appellant failed to file an affidavit of indigency prior to sentencing, this Court does not agree with the State that such an error renders appellant's sentence void. Moreover, the State did not cite any specific rule or precedent to support its argument that the failure of a trial court to require the filing of an affidavit of indigency prior to suspending fines renders a sentence void. "Void sentencing orders occur when there is an attempt by the court `to disregard statutory requirements when imposing a sentence.'" State v. Neville, 9th Dist. No. 02CA0001, 2002-Ohio-5422, at ¶ 7, quoting State v. Beasley (1984),14 Ohio St.3d 74, 75.
 {¶ 6} In the present case, this Court is not persuaded that the trial court's procedural error was an attempt to "disregard statutory requirements." Rather, on appeal, the State candidly admits that its attempt to remedy the error in appellant's sentence was motivated by the fact that it appears that appellant, eight years after his sentencing, is no longer indigent. In its brief, the State does not allege that appellant was not indigent when the fines were suspended, i.e., the State does not allege that any of the elements of appellant's sentence were improper. Accordingly, we are not confronted with a case in which a statute requires a particular element be imposed during sentencing and the trial court failed to do so. See State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 26. Rather, the State alleges that the procedure utilized in arriving at those elements was improper.[1] This Court finds that any error in the procedure utilized by the trial court to suspend the fines was properly a matter for direct appeal. To permit a contrary result would allow the State to exploit the trial court's error nearly eight years after it was committed.
 {¶ 7} Pursuant to App.R. 4(A), a notice of appeal must be filed within thirty days of the journalization of the judgment of conviction and sentence in a criminal case. The State did not file a direct appeal to challenge the trial court's ruling. Instead, the State waited more than eight years to challenge the ruling. Because the State failed to file a timely notice of appeal, the trial court lacked jurisdiction to rule on the State's motion to reinstate mandatory fines and for writ of execution for costs. App.R. 4. The State's assignment of error is overruled.
 III. {¶ 8} The State's assignment of error is overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, P.J., Boyle, J., concur.
[1] It appears that the trial court erroneously relied upon an earlier finding of indigency to support the suspension of appellant's fines, while the statute in effect at the time required the execution of a new affidavit of indigency to support suspending the fines.