THE STATE OF OHIO, APPELLANT, *v.* MOORE, APPELLEE.

[Cite as *State v. Moore,* 135 Ohio St.3d 151, 2012-Ohio-5479.]

*Criminal law—Effects of failure to impose mandatory fine—Trial court's failure to impose required fine renders void the part of the sentence waiving the fine—Resentencing is limited to imposing the mandatory fine.*

(No. 2011-1664—Submitted May 23, 2012—Decided November 29, 2012.)

CERTIFIED by the Court of Appeals for Cuyahoga County,

Nos. 96111 and 96112, 2011-Ohio-4246.

_____

SYLLABUS OF THE COURT

A trial court's failure to include the mandatory fine required by R.C. 2925.11(E)(1)(a) and 2929.18(B)(1), when an affidavit of indigency is not filed with the court prior to the filing of the trial court's journal entry of sentencing, renders that part of the sentence void. Resentencing is limited to the imposition of the mandatory fine.

_____

**CUPP, J.**

{¶ 1} In this certified conflict, we consider whether a trial court's failure to impose the fine required by R.C. 2925.11(E)(1)(a) and 2929.18(B)(1), when no affidavit of indigency has been filed with the court prior to the trial court's journal entry of sentencing, renders void the part of the sentence waiving the fine. For the reasons that follow, we conclude that a trial court's failure to impose the required fine under these circumstances renders void the part of the sentence waiving the fine. Resentencing of the offender is limited to the imposition of the mandatory fine. We accordingly affirm the judgment of the court of appeals in resolving the certified conflict.

## I. Facts and Procedural History

{¶ 2}   In July 2009, appellee, Robert Moore III, was convicted by a jury of drug possession, drug trafficking, carrying a concealed weapon, and possessing criminal tools, some with certain specifications.  The trial court sentenced Moore to an agreed-upon prison term of 13 years, and Moore waived his right to appeal. The trial court's sentencing entry stated, "Based on [Moore's] affidavit of indigency being filed; [sic] fine and costs are waived including mandatory fines." The affidavit of indigency was not filed prior to the filing of the sentencing entry.

{¶ 3}   In another case, in August 2009, Moore pled guilty to drug trafficking with a firearm specification.  The trial court sentenced him to an agreed-upon prison sentence of nine years, and Moore waived his right to appeal. The trial court's sentencing entry stated, "Affidavit of indigency being filed; [sic] fine and costs are waived including mandatory fine."  Again, the affidavit of indigency was not filed prior to the filing of the sentencing entry.

{¶ 4}   Moore timely filed a notice of appeal in each.  The court of appeals dismissed both appeals because Moore had waived his appellate rights.

{¶ 5}   In September 2010, Moore filed a motion in each case arguing that his sentences were void.  Specifically, Moore noted that R.C. 2925.11(E)(1)(a) and 2929.18(B)(1) mandate that the trial court impose a fine unless an affidavit of indigency is filed.  Moore asserted that the trial court failed to impose the mandatory fine even though his counsel did not file the affidavits.  Accordingly, Moore maintained that each sentence was void and that the trial court should resentence him de novo and restore his appellate rights.  The trial court denied the motions.

{¶ 6}   Moore timely appealed to the Eighth District Court of Appeals. The appellate court held that the trial court's failure to impose the mandatory fine without a filing of an affidavit of indigency rendered void only the part of Moore's sentence waiving that fine.  *State v. Moore,* 8th Dist. Nos. 96111 and

96112, 2011-Ohio-4246, at ¶ 18. The appellate court vacated the part of Moore's sentences that waived the fine and remanded both cases for resentencing consistent with R.C. 2929.18(B)(1). *Id.*

{¶ 7} Thereafter, the court of appeals found its judgment in this case to be in conflict with the holding of *State v. DeLoach*, 5th Dist. No. 05CA008858, 2006-Ohio-4409. That case held under similar facts that waiving the fine without the filing of the affidavit of indigency does not render any of that sentence void and that any error should have been addressed on direct appeal. The Eighth District Court of Appeals then certified the record to this court for review and final determination. We recognized that a conflict exists on the following issue: "Whether a trial court's failure to impose the statutorily mandated fine required by R.C. 2925.11(E) and 2929.18(B)(1) when no affidavit of indigency is filed with the clerk of court prior to the filing of the trial court's journal entry of sentencing renders that part of the sentence waiving the fine void." *State v. Moore,* 130 Ohio St.3d 1474, 2011-Ohio-6124, 957 N.E.2d 1167.

## II. Relevant Statutes
### A. R.C. 2929.18(B)(1)–Financial Sanctions

> For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine * * *. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

**B. R.C. 2925.11(E)(1)(a)–Possession of Drugs**

In addition to any prison term or jail term * * *, the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section shall * * * impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent.

### III. Analysis

{¶ 8} Our recent decision in *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, is instructive in resolving the current issue. In that case, Mario Harris had pled guilty to drug trafficking. In the sentencing entry, the trial court had imposed a prison sentence of five years, but had failed to impose a mandatory driver's license suspension and fine as required by R.C. 2925.03(D)(2) and (G).[1] *Id.* at ¶ 3-4. Harris argued that this failure rendered his entire sentence void. *Id.* at ¶ 30.

---

1. R.C. 2925.03 states:

> (D) In addition to any prison term authorized or required * * *, the court that sentences an offender who is convicted of or pleads guilty to a violation of [trafficking in drugs] shall * * * (2) * * * suspend the driver's or commercial driver's license or permit of the offender in accordance with division (G) of this section.
> * * *
> (G) When required under division (D)(2) of this section or any other provision of this chapter, the court shall suspend for not less than six months or more than five years the driver's or commercial driver's license or permit of any person who is convicted of or pleads guilty to any violation of this section or any other specified provision of this chapter. If an offender's driver's or commercial driver's license or permit is suspended pursuant to this division, the offender, at any time after the expiration of two years from the day on which the offender's sentence was imposed or from the day on which the offender finally

4

**{¶ 9}** In *Harris*, we determined that a mandatory driver's license suspension was analogous to postrelease control. *Id*. at ¶ 14. At the completion of an offender's prison sentence, the executive branch cannot impose either postrelease control or a driver's license suspension if the trial court failed to properly impose either term in the sentence. *Id*., citing *State v. Joseph,* 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 17. Moreover, both postrelease control and suspension of a driver's license are criminal sanctions, and both are mandated by statute. *Id.* at ¶ 14. A trial court has a statutorily mandated duty to notify an offender of postrelease control at the sentencing hearing and to incorporate that notice into the journal entry imposing the sentence. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 9, 23. Similarly, R.C. 2925.03(D)(2) and (G) require a trial court to impose a driver's license suspension as part of an offender's sentence. *Harris* at ¶ 14.

**{¶ 10}** We concluded in *Harris* that our holdings as to the effect of the failure to properly impose postrelease control apply to the driver's license suspension. *Id*. Because a driver's license suspension is a statutorily mandated term, the sentence is void in part when the trial court fails to include the term in sentencing. *Id.* at ¶ 16, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Resentencing is limited to the imposition of the mandatory driver's license suspension. *Id.* at ¶ 18.

**{¶ 11}** We also explained why our decision in *Joseph,* 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, did not control. In *Joseph,* we held that an offender's sentence is not void when a trial court fails to inform an offender in open court of court costs. Id. at ¶ 22. The court's waiver of payment of court

---

was released from a prison term under the sentence, whichever is later, may file a motion with the sentencing court requesting termination of the suspension; upon the filing of such a motion and the court's finding of good cause for the termination, the court may terminate the suspension.

costs is discretionary, although the imposition of court costs is mandatory. *Id.* at ¶ 18. Moreover, court costs are a civil, not a criminal, matter. *Id.* at ¶ 20-21. "[T]he civil nature of the imposition of court costs does not create the taint on the criminal sentence that the failure to inform a defendant of postrelease control does." *Id.* at ¶ 21.

{¶ 12} But the failure to impose the mandatory fine more closely resembles the failure to impose a driver's license suspension and postrelease control than it does the failure to impose court costs. First, a fine is not a civil sanction subject only to collection " 'by the methods provided for the collection of civil judgments.' " *Id.* at ¶ 20, quoting *Strattman v. Studt*, 20 Ohio St.2d 95, 253 N.E.2d 749 (1969), paragraph six of the syllabus. Instead, it is a criminal sanction. R.C. 2947.14(A) confers upon the sentencing court the power to order the offender "committed to the jail or workhouse until the fine is paid or secured to be paid, or the offender is otherwise legally discharged, if the court * * * determines at a hearing that the offender is able, at that time, to pay the fine but refuses to do so."

{¶ 13} Additionally, the fine is a mandated term pursuant to R.C. 2929.18(B)(1). If the affidavit of indigency is not filed, the court "*shall* impose upon the offender a mandatory fine." (Emphasis added.) *Id.* However, if the affidavit is timely filed and the court determines that the offender is indigent, the court "*shall not* impose the mandatory fine upon the offender." (Emphasis added.) *Id.* Therefore, the trial court has no discretion in deciding whether to impose the fine.

{¶ 14} Because the fine is a statutory punishment, the trial court's failure to impose the fine when an affidavit of indigency is not filed with the court prior to the filing of the trial court's journal entry of sentencing renders that part of the sentence void. *See Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 17. It is a longstanding principle that an offender's sentence that does not

properly include a statutorily mandated term is contrary to law. *Colegrove v. Burns,* 175 Ohio St. 437, 195 N.E.2d 811 (1964); *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984).

{¶ 15} In determining the appropriate relief, the analysis in *Fischer* is again illuminating. In *Fischer,* we found the illegal-sentence doctrine convincing:

> "A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.' " *Edwards v. State* (1996), 112 Nev. 704, 708, 918 P.2d 321, quoting *Allen v. United States* (D.C.1985), 495 A.2d 1145, 1149. It is, however, an appropriate vehicle for raising the claim that a sentence is facially illegal at any time. Id. The scope of relief based on a rule * * * is likewise constrained to the narrow function of correcting only the illegal sentence."

*Id.* at ¶ 25. Accordingly, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (Emphasis sic.) *Id.* at ¶ 26.

{¶ 16} In *Harris,* we determined that this logic also applies when the trial court failed to properly impose the mandatory driver's license suspension. 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, at ¶ 17. We see no reason why it does not again control with respect to the statutorily mandated fine.

### IV. Conclusion

{¶ 17} Therefore, we resolve this certified conflict by holding that a trial court's failure to include the mandatory fine required by R.C. 2925.11(E)(1)(a) and 2929.18(B)(1), when an affidavit of indigency is not filed with the court prior to the filing of the trial court's journal entry of sentencing, renders that part of the

sentence void. We further hold that resentencing of the offender is limited to the imposition of the mandatory fine.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, and McGEE BROWN, JJ., concur.

LANZINGER, J., dissents.

_____

**LANZINGER, J., dissenting.**

{¶ 18} This should come as no surprise to anyone, but I dissent. Yet again, the majority ignores its own limitation that *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 31, applies to "a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." Now the majority holds that the failure to impose the fine required by R.C. 2925.11(E) and 2929.18(B)(1) when an affidavit of indigency was not filed with the court before the court journalized its sentencing entry rendered that part of the sentence void. When will this end? For the reasons recently expressed in my separate opinion in *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, I dissent.

_____

Timothy McGinty, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Public Defender, for appellee.

_____