[Cite as *State v. Hubbard*, 2013-Ohio-1994.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99093**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MYLAN J. HUBBARD

DEFENDANT-APPELLANT

---

**JUDGMENT:**
SENTENCE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-555914

**BEFORE:** McCormack, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 16, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Erin Stone
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Mylan Hubbard ("Hubbard"), appeals the trial court's sentence, in part, claiming he was denied effective assistance of counsel when his attorney failed to file an indigency affidavit for the purpose of waiving the mandatory fine imposed. For the reasons that follow, we reverse the trial court's sentence on the limited issue of the mandatory fine.

## Procedural History

{¶2} Hubbard was indicted on one count of drug trafficking in violation of R.C. 2925.03(A)(1) and one count of drug possession in violation of R.C. 2925.11(A), both felonies of the second degree. At his arraignment, Hubbard was found to be indigent and he received appointed counsel.

{¶3} Thereafter, Hubbard entered into a plea agreement whereby he pleaded guilty to the drug possession charge, and the trafficking charge was dismissed. During the plea hearing, the court explained that there was a mandatory drug fine of $7,500, but it would "consider indigency" if defense counsel "files the proper paperwork at the time of sentencing." The trial court then referred the case for a presentence investigation report. No affidavit of indigency was filed prior to sentencing.

{¶4} On August 13, 2012, the trial court held a sentencing hearing, during which time the court imposed a four-year prison term to be served concurrently with two other

pending cases.   The trial court also imposed three years of mandatory postrelease control, suspended his driver's license for five years, and waived court costs.   Finally, the court imposed a mandatory drug fine of $7,500.   There is no evidence on the record that defense counsel filed an affidavit of indigency or the "proper paperwork" referenced by the trial court at the plea hearing.

## Assignment of Error

Mylan Hubbard was denied effective assistance of counsel in violation of the sixth and fourteenth amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when his attorney failed to file an indigency affidavit to waive the mandatory fine.

## Law and Analysis

### Ineffective Assistance of Counsel

{¶5}   Hubbard contends that trial counsel rendered ineffective assistance of counsel when he failed to file an indigency affidavit for the purpose of waiving the mandatory drug fine of $7,500.   He claims that if counsel had filed the affidavit, there is a reasonable probability that the trial court would have found Hubbard indigent and waived the mandatory fine.   Hubbard argues that his sentence, therefore, must be vacated in its entirety and the case be remanded for a new sentence hearing.

{¶6}   As the state concedes, and this court finds, to the extent that Hubbard's defense counsel failed to file an affidavit of indigency when faced with the imposition of a mandatory drug fine, Hubbard was denied effective assistance of counsel.   In order to prevail on the ineffective assistance of counsel claim, a defendant must demonstrate that counsel was deficient in some aspect of his representation and this deficient performance

prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant, therefore, must show that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Additionally, the defendant must demonstrate that counsel's errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

{¶7} R.C. 2925.11(A) provides that "no person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." This offense, to which Hubbard pleaded guilty, carries a mandatory fine:

> In addition to any prison term * * * and in addition to any other sanction that is imposed for the offense under this section, the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section shall do * * * the following * * *:
>
> (1)(a) If the violation is a felony of the first, second, or third degree, the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent.

R.C. 2925.11(E)(1)(a).

{¶8} R.C. 2929.18(B)(1) prescribes the manner in which the court shall proceed in waiving the mandatory fine for an indigent offender:

> * * * If an offender alleges in an affidavit filed with the court prior to
>
> sentencing that the offender is indigent and unable to pay the mandatory
>
> fine and if the court determines the offender is an indigent person and is

unable to pay the mandatory fine described in this division, the court shall

not impose the mandatory fine upon the offender.

Therefore, in order for an offender to avoid the imposition of a fine at the time of sentencing, two things must occur: (1) the defendant must submit an affidavit of indigency to the court prior to sentencing; and (2) the court must make a determination that the offender is, in fact, indigent. *Id.*; *State v. Gilmer*, 6th Dist. No. OT-01-015, 2002-Ohio-2045, ¶ 5.

{¶9} Ohio courts have held that the failure to file an affidavit of indigency for purposes of waiving a mandatory fine constitutes ineffective assistance of counsel where the record shows a "reasonable probability" that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed. *Gilmer* at ¶ 5; *State v. Huffman*, 8th Dist. No. 63938, 1995 Ohio App. LEXIS 233, *13 (Jan. 26, 1995), citing *State v. Powell*, 78 Ohio App.3d 784, 605 N.E.2d 1337 (3d Dist.1992); *State v. Parsley*, 10th Dist. No. 09AP-612, 2010-Ohio-1689.

{¶10} In this case, there is a reasonable probability that the trial court would have found Hubbard to be indigent and unable to pay the mandatory drug fine of $7,500. The record reveals the following: Hubbard has an extensive criminal history, beginning as a juvenile through the present time; he has been in and out of jail throughout the years; he has failed to financially support his children; and the presentence investigation report does not indicate evidence of employment. Moreover, at his arraignment, the court, in fact, found Hubbard to be indigent and it appointed counsel.

**{¶11}** At the plea hearing, the trial court stated that it would consider indigency for purposes of waiving the fine, if counsel files the "proper paperwork." During his sentencing, the trial court waived court costs. The court, however, imposed the mandatory fine, as it was statutorily required to do. There was no evidence before the trial court that the affidavit was filed. It is likely that had defense counsel filed an affidavit of indigency on Hubbard's behalf, the trial court would have waived the fine.

**{¶12}** Accordingly, to the extent Hubbard's trial counsel failed to file an affidavit of indigency when Hubbard was faced with the imposition of the mandatory drug fine of $7,500, we find that Hubbard was denied effective assistance of counsel.

### Sentencing

**{¶13}** Hubbard contends that his entire sentence should be vacated in its entirety and the case be remanded for a new sentencing hearing. We disagree.

**{¶14}** In certifying a conflict among the districts, the Ohio Supreme Court recently considered whether a trial court's failure to impose the statutorily mandated fine required by R.C. 2925.11(E)(1)(a) and 2929.18(B)(1), when no affidavit of indigency has been filed with the court prior to the trial court's journal entry of sentencing, renders void the part of the sentence waiving the fine. *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, ___ N.E.2d ___. The Supreme Court affirmed this court in finding that the resentencing of the offender must be limited to the imposition of the mandatory fine. *Id.*

**{¶15}** Relying on the principles of the illegal-sentence doctrine, the Supreme Court has determined that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, only that part of the sentence pertaining to postrelease control is void:

> "A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.'" *Edwards v. State* (1996), 112 Nev. 704, 708, 918 P.2d 321, quoting *Allen v. United States* (D.C.1985), 495 A.2d 1145, 1149. It is, however, an appropriate vehicle for raising the claim that a sentence is facially illegal at any time. *Id.* The scope of relief based on a rule * * * is likewise constrained to the narrow function of correcting only the illegal sentence. *Id.* at ¶ 25.

*Moore* at ¶ 15, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 25-26.

**{¶16}** The court further applied this analysis to a trial court's failure to properly impose a mandatory driver's license suspension. In determining that a mandatory driver's license suspension was analogous to postrelease control, the court concluded that because a suspension is a statutorily mandated term, the sentence is void, in part, when the trial court does not include that term in sentencing. *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 16, citing *Fischer*. Resentencing, therefore, is limited to the imposition of the mandatory driver's license suspension. *Id.* at ¶ 18.

**{¶17}** Likewise, the Supreme Court in *Moore* extended this analysis to the trial court's failure to impose the statutorily mandated drug fine. It determined that the reasoning applied in *Fischer* and *Harris* applies to a trial court's failure to impose the mandatory fine required by R.C. 2925.11(E)(1)(a) and 2929.18(B)(1). *Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, ___ N.E.2d ___, ¶ 16. The court, therefore, held that when an affidavit of indigency is not filed with the court prior to the filing of the trial court's entry of sentencing, that part of the sentencing pertaining to the mandatory fine is void, and resentencing is limited to the imposition of the fine. *Id.* at ¶ 17.

**{¶18}** Similarly, in this case, we find that only that portion of the sentence pertaining to the mandatory drug fine is void. The ineffective assistance of counsel claim pertains only to the failure to file an affidavit of indigency for purposes of waiving the mandatory fine. There is no argument or evidence that this claim impacted any other aspect of Hubbard's sentence. Because we determined that Hubbard was denied effective assistance of counsel when trial counsel failed to file an affidavit of indigency in facing the imposition of the mandatory drug fine of $7,500, we find that only that part of the sentence imposing the fine is void and must be set aside.

**{¶19}** Accordingly, Hubbard's assignment of error is sustained. We remand for resentencing, in part, consistent with R.C. 2925.11(E)(1)(a) and 2929.18(B)(1) and this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR