[Cite as *State v. Wolford*, 2014-Ohio-1082.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100227**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## RICHARD WOLFORD

DEFENDANT-APPELLEE

## JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-570710

**BEFORE:** Rocco, J., S. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 20, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Katherine Mullin
          Assistant County Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH 44113

**ATTORNEY FOR APPELLEE**

A. Alek El-Kamhawy
14837 Detroit Avenue
Suite 227
Lakewood, OH 44107

KENNETH A. ROCCO, J.:

{¶1} This appeal stems from the trial court's order waiving defendant-appellee Richard Wolford's fine. The state of Ohio argues that the fine was mandatory and that the trial court could not waive it without an affidavit of indigency. We agree and so we reverse the trial court's final judgment and remand for a limited resentencing.

{¶2} On May 23, 2013, Wolford entered a guilty plea to one count of drug possession, a felony of the third degree, with an accompanying forfeiture specification. On July 9, 2013, Wolford appeared for sentencing. The state requested that a fine and court costs be imposed if Wolford was placed on community control sanctions. Wolford's attorney stated that he and Wolford were "okay with the state's position on the court costs and the fines." Tr. 3. Wolford's attorney also noted that Wolford was working full time.

{¶3} The trial court sentenced Wolford to community control sanctions and ordered forfeiture in the amount of $1,154 cash and a cell phone. Because of the forfeiture, the trial court waived the fine, over the state's objection.

{¶4} The state filed a notice of appeal from this sentence. In it's sole assignment of error, the state asserts that the trial court erred by waiving Wolford's fine without a filed affidavit of indigency. We sustain the assignment of error. We must reverse a sentence if we clearly and convincingly find that the sentence is contrary to law.

R.C. 2953.08(G)(2)(b). In this case, the law is clear that the trial court was required to impose a fine. Because the trial court waived the fine, the sentence was contrary to law.

{¶5} Wolford pleaded guilty to one count of violating R.C. 2925.11(A), a third-degree felony. R.C. 2925.11(E)(1)(a) requires a trial court to impose a fine upon an individual who commits a third-degree felony violation under R.C. 2925.11(A). The fine imposed for such a violation must be between $5,000-$10,000. R.C. 2929.18(A)(3) and (B)(1).

{¶6} Although an exception exists in the case of indigency, that exception does not apply in this case. Under R.C. 2929.18(B)(1), if an offender files an affidavit of indigency prior to sentencing, and the court finds that the offender is indigent and unable to pay the required fine, then the court shall not impose the mandatory fine. Wolford did not file an affidavit of indigency. To the contrary, his counsel indicated that Wolford was "okay" with the fine, and that Wolford was employed on a full-time basis.

{¶7} The Ohio Supreme Court held that a trial court's failure to impose a mandatory fine, when an affidavit of indigency is not filed with the court prior to the filing of the sentencing entry, renders that part of a defendant's sentence void. *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, syllabus, citing R.C. 2925.11(E)(1)(a); R.C. 2929.18(B)(1). The court determined that the proper remedy was to conduct a limited resentencing to impose the mandatory fine. *Id.* Applying *Moore* to the instant case, we void that portion of Wolford's sentence that waived the mandatory fine and remand for a limited resentencing consistent with *Moore*.

**{¶8}** The trial court's judgment is reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR