[Cite as *State v. Alford*, 2014-Ohio-5284.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101203

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## DARRYL ALFORD

### DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-05-469026-A

**BEFORE:** Kilbane, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 26, 2014

**APPELLANT**

Darryl Alford, pro se
Inmate No. 493-759
P.O. Box 901
Trumbull Correctional Institution
Leavittsburg, Ohio 44430

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Darryl Alford, appeals from the denial of his fourth motion to vacate his plea and/or vacate void sentence, filed on February 25, 2014. For the reasons set forth below, we conclude that the claims raised by the defendant are barred by res judicata and without merit under the controlling case law.

**{¶2}** The facts of this matter were set forth in defendant's 2010 appeal, *State v. Alford*, 8th Dist. Cuyahoga No. 93911, 2010-Ohio-4130 ("*Alford I*") as follows:

> Alford worked at New York Frozen Foods in Bedford; his ex-girlfriend, Jennifer Davis, also worked there. On [June 14, 2005], Alford approached Davis in the plant to talk to her. Davis told Alford that she did not want to talk to him * * *.
>
> Davis found her supervisor and advised him of the situation. Davis then returned to her work area, where she was again approached by Alford; he told her that if he got fired he would kill her. * * *.
>
> Alford * * * left on sick leave. * * * The police arrived at the plant, and while taking Davis's statement, saw Alford's vehicle in the vicinity of the plant. Alford, who was driving the car, parked in the lot of a nearby business, exited the car dressed in camouflage with a black object in his hands. He cut through a wooded area that led to the rear of New York Frozen Foods.
>
> Alford entered the plant and fired shots * * *. Alford confronted [an employee], pulled a gun on him, and told him he was going to shoot Davis after he "finished" with him[. The employee restrained Alford] until the police apprehended him.
>
> Over 20 shotgun shells and a body armor were recovered from the scene and/or from Alford's person. A rifle, machete, shotgun ammunition, and rifle ammunition were recovered from Alford's car.

*Alford I* at ¶ 6-10.

**{¶3}** On August 5, 2005, Alford was indicted on a six-count indictment. In Count 1, he was charged with failure to comply with an order or signal of a police officer with a furthermore clause that the operation of the motor vehicle caused a substantial risk of serious physical harm to person or property. In Counts 2 and 4, he was charged with attempted murder with one- and

three-year firearm specifications and a body armor specification. In Counts 3 and 5, he was charged with felonious assault with one- and three-year firearm specifications and a body armor specification. In Count 6, he was charged with carrying a concealed weapon.

{¶4} On October 27, 2005, Alford pled guilty to failure to comply with an order or signal of a police officer as charged in Count 1, and felonious assault with one-year firearm specifications and body armor specifications as charged in Counts 3 and 5. The remaining counts and specifications were nolled. On that same date, Alford was sentenced to 12 years in prison.

{¶5} On November 14, 2005, Alford filed a pro se appeal, which was dismissed on March 20, 2006, for failure to file the record. *State v. Alford*, 8th Dist. Cuyahoga No. 87275 ( *see* Motion Nos. 379031 and 382174). Alford filed a second pro se appeal on May 8, 2006, which was dismissed as untimely. *State v. Alford*, 8th Dist. Cuyahoga No. 87856 (*see* Motion No. 383933).

{¶6} On September 5, 2008, Alford filed a pro se petition for a writ of habeas corpus in the Ashtabula County Court of Common Pleas. This petition was dismissed May 11, 2009, because the issues were not raised in a direct appeal and for Alford's failure to certify a statement regarding his institutional account. *Alford v. Goodrich*, N.D. Ohio No. 1:12-cv-2931, 2013 U.S. Dist. LEXIS 184592 (Dec. 6, 2013) (describing the Ashtabula County habeas proceedings and denying federal habeas petition).

{¶7} On May 27, 2009, Alford filed a motion to withdraw his guilty plea. The trial court denied the motion and Alford appealed to this court. This court affirmed the conviction, but held that the trial court did not "adequately set forth postrelease control advisements in its judgment entry" and remanded for resentencing. *Alford I* at ¶ 19.

**{¶8}** On October 13, 2010, prior to the resentencing hearing ordered by this court, Alford filed a pro se motion to withdraw his plea. On October 15, 2010, the trial court denied the motion and resentenced Alford to a 12-year prison term. Alford again appealed to this court. This court affirmed the trial court, concluding that the remand for resentencing did not vest the trial court with discretion to consider the motion to withdraw the plea. *State v. Alford*, 8th Dist. Cuyahoga No. 95946, 2011-Ohio-4811 ("*Alford II*").

**{¶9}** On October 12, 2011, Alford filed a motion to reopen his appeal. This court denied the motion and held that since App.R. 26 applies only to direct appeals, Alford could not employ App.R. 26 to challenge the denial of his motion to vacate his guilty plea. *State v. Alford*, 8th Dist. Cuyahoga No. 95946, 2011-Ohio-6259.

**{¶10}** On December 22, 2011, defendant again filed a motion to vacate plea and/or void sentence, and complained that the sentence imposed failed to contain a mandatory license suspension (on the specification for failure to comply), and therefore, his plea was not knowingly, voluntarily, and intelligently entered, and his sentence is void. The trial court denied the motion on January 3, 2012. The court wrote:

> Defendant's motion to vacate plea and/or void sentence is denied. Post-release control notice was given. Failure to advise him of driver's license suspension does not affect defendant's constitutional rights and no prejudice exists to alter plea nor to void sentence.

**{¶11}** Defendant filed a motion to file a delayed appeal on March 22, 2012, which was denied on April 11, 2012.

**{¶12}** On February 25, 2014, defendant once again filed a motion to vacate his plea and/or vacate void sentence, and again argued that since the sentence imposed failed to contain a

mandatory license suspension, his plea was not knowingly, voluntarily, and intelligently entered and his sentence is void. The trial court denied the motion on March 4, 2014.

{¶13} Defendant appeals herein and assigns the following errors for our review:

### Assignment of Error One

In violation of due process and prejudice to the defendant, his guilty pleas were not knowing, voluntary or intelligently entered, because of the Crim. R. 11(c)(2)(a) colloquy was deficient.

### Assignment of Error Two

In violation of due process there was never a final appealable order issued to the defendant, pursuant 2505.02, the sentence was clearly and convincingly, contrary to statute.

### Assignment of Error Three

In violation of appellant's double jeopardy protections under state and federal constitutions the defendant was sentenced to a one (1) year sentence after it had already expired for failure to comply 2921.331.

### Assignment of Error Four

Ineffective assistance of counsel.

### Crim.R. 11 Issues

{¶14} Within his first assignment of error, defendant asserts that his guilty pleas are invalid because the trial court did not advise him of the mandatory license suspension, and therefore, failed to advise him of the maximum penalty for this offense as required by Crim.R. 11.

{¶15} These claims could have been raised in *Alford I,* but they were not. Therefore, they are barred by res judicata. In any event, the license suspension has never been imposed, and defendant has not shown prejudice. *State v. Blalock*, 8th Dist. Cuyahoga No. 80599, 2002-Ohio-3637, ¶ 24 ("Blalock does not maintain he would not have pled guilty, no prejudice

resulted from the trial court's failure to inform him of the suspension.")   Finally, we note that in *Alford II*, this court held that the trial court was without jurisdiction to consider a motion to withdraw a guilty plea based on the limited resentencing on postrelease control.   Similarly, following the limited remand in *Alford II*, the trial court was without jurisdiction to consider this additional issue.   *See Alford II* at ¶ 11.

{¶16} The first assignment of error is without merit.

Sentencing Issues

{¶17} The defendant next maintains, in his second assignment of error, that there was never a final appealable order in this matter because the trial court failed to impose a mandatory license suspension on Count 1.

{¶18} The defendant unsuccessfully raised this issue in 2012, and therefore, it is barred by res judicata.   In any event, we note that in *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 10, and in   *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 16, the Ohio Supreme Court held that where a license suspension is a mandatory portion of a sentence and it is not included as a term of the sentence, the sentence is deemed void in part   and the matter is subject to resentencing only as to the imposition of the mandatory license suspension.   *Id*. at ¶ 18, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.   With special significance to this matter, however, the court in *Fischer* concluded that   "[i]n so holding, we reject Fischer's claim that there was no final, appealable order in this case."   *Id*. at ¶ 37.

{¶19} In accordance with all of the foregoing, and pursuant to the clear language of *Fischer*, we reject Alford's assertion that there was no final appealable order in this matter.

{¶20} The second assignment of error is without merit.

## Double Jeopardy

**{¶21}** Defendant's third assignment of error asserts that the resentencing produced a sentence that is void because the new sentence did not contain the mandatory license suspension, and he had already completed the one-year term for failing to comply with the order of a police officer.

**{¶22}** This assertion is without merit. *Fischer* at ¶ 8-9; *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 12.

## Ineffective Assistance of Counsel

**{¶23}** In his fourth assignment of error, defendant complains that he did not have effective assistance of counsel.

**{¶24}** In *Alford I*, this court rejected defendant's challenge to the effectiveness of his counsel. This claim is therefore without merit.

**{¶25}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR