[Cite as *State v. Mosley*, 2016-Ohio-5525.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150429 |
| | | TRIAL NO. B-9805225A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ANTHONY MOSLEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part and Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: August 26, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Anthony Mosley*, pro se.

Per Curiam.

{¶1} Defendant-appellant Anthony Mosley appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion for Re-Sentencing Based on Void Judgment." He presents on appeal two assignments of error. We affirm the court's judgment in part, but reverse and remand for the imposition of the statutorily mandated fine and driver's license suspension.

{¶2} Mosley was convicted in 2007 on two counts of cocaine possession and sentenced to concurrent prison terms of ten years. He unsuccessfully challenged his convictions in his direct appeal to this court, *State v. Mosley*, 1st Dist. Hamilton No. C-070659 (Oct. 22, 2008), and in postconviction motions filed with the common pleas court in 2009, 2010, 2012, and 2015. *See State v. Mosley*, 1st Dist. Hamilton No. C-130211 (Feb. 28, 2014).

{¶3} In his 2015 "Motion for Re-Sentencing Based on Void Judgment," Mosley asserted that his sentences are void in part, because the trial court failed to notify him that his five-year period of postrelease control was mandatory, failed to impose a mandatory driver's license suspension, and failed to include a mandatory fine. Mosley did not specify in his motion a statute or rule under which the relief sought might be afforded. Therefore, the common pleas court was free to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶4} R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."

R.C. 2953.21(J). But to prevail on a postconviction claim, the petitioner must demonstrate an infringement of his rights in the proceedings resulting in his conviction that rendered the conviction void or voidable under the state or federal constitution. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). Mosley's motion sought relief based on statutory, rather than constitutional, violations. Thus, his motion was not reviewable by the common pleas court under the standards provided by the postconviction statutes.

{¶5}　But a court always has jurisdiction to correct a void sentence. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. And Mosley's sentences are, in part, void.

{¶6}　In his first assignment of error, Mosley asserts that the common pleas court erred in declining to afford him the relief sought in his motion based on the claimed inadequacy in his postrelease-control notification. But the record shows that the trial court, in sentencing Mosley for two counts of first-degree-felony cocaine possession, fully complied with the statutory mandates concerning postrelease control. *See* former R.C. 2929.14(F)(1), 2929.19(B)(3)(c) through (e), and 2967.28(B) (superseded on September 30, 2011, by R.C. 2929.14(D)(1), 2929.19(B)(2)(c) through (e), and 2967.28(B)). Because the record does not demonstrate Mosley's claim that postrelease-control notification was inadequate, the common pleas court had no jurisdiction to grant him relief on that ground. We, therefore, overrule the first assignment of error.

{¶7}　In his second assignment of error, Mosley asserts that the common pleas court erred in declining to correct his sentences to impose the driver's license suspension mandated by R.C. 2925.03(D)(2) and 2925.03(G) and to include the fine

mandated by R.C. 2925.03(D)(1) and 2929.18(B)(1). When, as here, the trial court has failed to include in a sentence a mandatory fine or driver's license suspension, that part of the sentence is void and subject to correction under a court's jurisdiction to correct a void judgment. *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432; *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus. We, therefore, sustain the second assignment of error.

*Affirmed in Part and Reversed and Remanded in Part*

{¶8} Because the common pleas court lacked jurisdiction to correct Mosley's postrelease-control notification, we affirm in part the court's judgment overruling his motion for resentencing. But Mosley's sentences are, in part, void, because they did not include the mandatory fine and driver's license suspension. We, therefore, reverse that portion of the court's judgment overruling Mosley's motion for resentencing and remand this cause for correction of the offending portions of his sentences in accordance with the law and this opinion.

Judgment affirmed in part and reversed in part, and cause remanded.

**FISCHER, P.J., HENDON** and **DEWINE, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.