[Cite as *State v. Owens*, 2018-Ohio-1853.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170413 |
| | | TRIAL NO. B-1603208 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| BRANDON OWENS, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  May 11, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William F. Oswall, Jr.*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}    Brandon Owens appeals the mandatory fines imposed following his guilty pleas to felony drug-trafficking offenses.  Because the trial court erred by requiring Owens to submit five years of tax returns as a prerequisite to finding him indigent, we vacate the imposition of the fines and remand the matter for the court to conduct a limited resentencing in accordance with R.C. 2929.18(B)(1).

### *Background Facts*

{¶2}    In exchange for the state's dismissal of one count of trafficking in heroin, Owens entered guilty pleas to two counts of trafficking in heroin, one count of aggravated trafficking in a Schedule II controlled substance, and one count of having a weapon while under a disability.  The parties agreed that Owens would be sentenced to a total of four and a half years in prison and would forfeit two firearms.  In addition to imposing the agreed sentence, the trial court imposed mandatory fines for the drug offenses.

{¶3}    At the sentencing hearing, defense counsel informed the trial court that she had an affidavit of indigency to submit with respect to the fines.  The court stated that it would accept counsel's submission of the affidavit, but that it would not make a finding of indigency "without the last five years['] tax returns[.]"  Defense counsel requested a hearing on the matter, and the court stated, "Sure.  Once you have all the documents, you can file for a hearing."  Defense counsel informed the court that Owens had no tax returns to submit.  The court responded, "I'm not making a finding of indigency based on that."  Counsel did not file the affidavit of indigency.

*Mandatory Fines for Drug-Trafficking Offenses*

{¶4}    In his first assignment of error, Owens argues that the trial court erred by imposing the mandatory fines.  He contends that the court improperly demanded evidence of his tax returns before it would consider whether he was indigent and unable to pay the mandatory fines.

{¶5}    Under the standard of review set forth in R.C. 2953.08(G)(2), this court may modify or vacate a felony sentence only if we clearly and convincingly find that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.  *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).

{¶6}    R.C. 2925.03(D)(1) and 2929.18(B)(1) required the trial court to impose a mandatory fine for each of Owens's drug-trafficking offenses.  Owens could have avoided imposition of the mandatory fines only if he had alleged in an affidavit filed with the court prior to sentencing that he was indigent and unable to pay the mandatory fines, and the court determined that he was an indigent person and unable to pay the fines.  *See* R.C. 2929.18(B)(1); *State v. Gipson*, 80 Ohio St.3d 626, 631, 687 N.E.2d 750 (1998).  An affidavit of indigency is "filed" for purposes of R.C. 2929.18(B)(1) if it is delivered to the clerk of court for filing and is time-stamped prior to the filing of the trial court's sentencing entry.  *Gipson* at syllabus.

{¶7}    If a defendant fails to file a timely affidavit of indigency, a trial court cannot avoid imposing a mandatory fine.  *Id.* at 633.  Consequently, if an affidavit of indigency is not timely filed, the trial court's failure to impose a mandatory fine renders void the part of the sentence waiving the fine.  *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 1.  Resentencing of the defendant is limited to the imposition of the mandatory fine.  *Id.*

{¶8}   We first must consider, then, whether Owens waived his right to challenge the trial court's imposition of mandatory fines where he did not file an affidavit alleging that he was indigent and unable to pay the mandatory fines. The Supreme Court of Ohio's recent decision in *State v. Beasley,* ____ Ohio St.3d ____, 2018-Ohio-16, ____ N.E.3d ____, is instructive.

{¶9}   In this court's opinion in *State v. Beasley*, 2016-Ohio-1603, 49 N.E.3d 378 (1st Dist.), the defendant argued that the trial court erred by implementing a blanket policy of refusing to accept no-contest pleas. *Id.* at ¶ 5. We agreed that it was error for the court to have such a policy, but we held that the error was not preserved for appeal. *Id.* at ¶ 12. We concluded that the appellant should have entered a no-contest plea and then have had the trial court refuse to accept the plea on the record. *Id.* at ¶ 13. Judge (now Justice) Fischer dissented, noting that defense counsel had stated twice on the record that his client wished to plead no contest to preserve her right to appeal the denial of her motion to suppress. *Id.* at ¶ 15 (Fischer, P.J., dissenting).

{¶10}   In reversing this court's decision, the Supreme Court first noted Judge Fischer's conclusion that there was "no valid reason to require Beasley to enter a no-contest plea on the record when it is clear that doing so would have been futile." *Beasley*, 2018-Ohio-16, at ¶ 8, quoting *Beasley*, 2016-Ohio-1603, 49 N.E.3d 378, at ¶ 19 (Fischer, P.J., dissenting). The Supreme Court held that the defendant's guilty plea did not amount to a waiver of her appellate rights where the trial court adhered to an arbitrary policy of not accepting no-contest pleas. *Id.* at ¶ 16. The court held that there was no reason to require the defendant to enter a no-contest plea to preserve the trial court's error for appeal after the trial court acknowledged on the record that it would have summarily rejected that plea. *Id.* The court remanded the matter to the trial court to allow the defendant to enter a new plea. *Id.* at ¶ 17.

{¶11} In this case, Owens could only avoid the imposition of the mandatory fines if he timely filed an affidavit alleging that he was indigent and unable to pay them, and the court ultimately found him indigent. *See* R.C. 2929.18(B)(1). This he failed to do. However, the trial court explicitly stated on the record that it would refuse to find Owens indigent with respect to the mandatory fines without the additional submission of five years' tax returns, which he did not have. As in *Beasley*, the record shows that the court would have "summarily rejected" any finding of indigency without tax returns. Thus, the court's insistence on submission of the tax returns made clear that the filing of the affidavit of indigency would be of no consequence and a futile act. Therefore, on the particular facts of this case, we conclude that Owens did not waive his right to assign as error the imposition of the mandatory fines when he failed to file his affidavit of indigency (which the court stated it accepted submission of). Consequently, we hold that the court's error was adequately preserved for appeal.

{¶12} We next examine whether it was error for the trial court to impose the mandatory fines when it required Owens to submit five years of tax returns as a prerequisite to a finding of indigency. While evidence of a defendant's tax returns may certainly be a legitimate factor in a trial court's consideration of a defendant's present and future ability to pay mandatory fines, the court may not require such evidence before it will consider the ability to pay.

{¶13} Therefore, we hold that the trial court's imposition of mandatory fines was contrary to law where the court required as a prerequisite to a finding of indigency the submission of five years of tax returns. And we determine that under the particular facts of this case the error was preserved for appeal because it would have been futile under these circumstances to require Owens to file his affidavit of indigency.

{¶14} We sustain the first assignment of error. Our resolution of the first assignment of error renders moot Owens's second assignment of error alleging the ineffective assistance of counsel for failing to file an affidavit of indigency. We vacate the imposition of mandatory fines and remand this matter for the court to conduct a limited resentencing on the issue of mandatory fines in accordance with R.C. 2929.18(B)(1).

Judgment accordingly.

CUNNINGHAM, P.J., and DETERS, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.