[Cite as *State v. Richey*, 2020-Ohio-4610.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-19-064

     Appellee                               Trial Court No. 2017CR0308

v.

Layla Richey                                     **DECISION AND JUDGMENT**

     Appellant                              Decided:  September 25, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, David T.
Harold and James A. Hoppenjans, Assistant Prosecuting Attorneys,
for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Layla Richey, appeals the October 15, 2019 judgment of the

Wood County Court of Common Pleas ordering her to pay $17,500 in mandatory fines

following her conviction on two felony offenses.  For the reasons that follow, we reverse

the trial court's judgment and remand this matter for further proceedings.

## I. Background

{¶ 2} This case originated in the Bowling Green Municipal Court on June 15, 2017. The criminal complaint alleged that Richey was involved in the illegal manufacture of drugs. On June 20, 2017, following her filing of a financial statement, Richey was found to be indigent and appointed defense counsel. Richey appeared the following day with appointed counsel for her initial pretrial hearing. At that time, the matter was ordered bound over to the Wood County Court of Common Pleas.

{¶ 3} On July 13, 2017, Richey was indicted by a Wood County Grand Jury on one count of illegal manufacture of drugs in violation of R.C. 2925.04(A) and (C)(3)(b), a first-degree felony; and one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A) and 2925.041(C), a second-degree felony. Richey entered a not guilty plea to both counts on July 31, 2017. This matter ultimately proceed to a two-day jury trial, beginning on May 29, 2019, at the conclusion of which Richey was found guilty on both counts.

{¶ 4} At Richey's July 22, 2019 sentencing hearing, the trial court imposed a prison term of four years on Count 1 and three years on Count 2, to be served consecutively. The trial court also imposed a mandatory fine of $10,000 on Count 1 and $7,500 on Count 2. Richey's appointed counsel did not file an affidavit of indigency prior to sentencing. Richey timely appealed and asserts a single assignment of error:

> Appellant was denied due process and the effective assistance of
>
> counsel as guaranteed by the state and federal constitutions when counsel

2.

failed to file an affidavit of indigency when appellant was clearly indigent and appellant was ordered to pay a mandatory fine as a result.

## II. Law and Analysis

{¶ 5} To prove a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs one and two of the syllabus, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984). Richey claims she was denied the effective assistance of counsel when her trial counsel failed to file an affidavit of indigency pursuant to R.C. 2929.18(B)(1) to avoid the imposition of mandatory fines following her conviction.

{¶ 6} When sentencing an offender, a trial court must impose a mandatory fine unless the defendant files an affidavit of indigency under R.C. 2929.18(B)(1) and the court finds the offender is indigent and unable to pay the fine. *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 13. The "[f]ailure to file the R.C. 2929.18(B)(1) affidavit of indigency constitutes ineffective assistance of counsel which can be addressed on direct appeal, rather than in postconviction relief, if there is sufficient evidence in the record demonstrating that the trial court would have found the offender was indigent and unable to pay the fine." *State v. Beard*, 6th Dist. Sandusky No. S-19-2020, 2020-Ohio-3393, ¶ 7. Richey argues that the record shows that she would have been found indigent had her counsel filed the affidavit and, therefore, she was denied effective assistance of counsel.

3.

{¶ 7} Richey points to her having been appointed counsel at her initial appearance, and her counsel's request for appointed counsel fees at the time of her sentencing, as evidence that she would have been found indigent had her counsel filed the necessary affidavit. Moreover, the record shows that Richey was in local incarceration for 425 days prior to sentencing and remained incarcerated following the imposition of her prison term. The record also shows that Richey had no assets and that she and her husband were living with relatives prior to her arrest. Based on these facts, the state concedes that Richey would have been found indigent and that her counsel's failure to file the required affidavit pursuant to R.C. 2929.18(B)(1) constituted ineffective assistance of counsel. We agree. Thus, Richey's sole assignment of error is found well-taken and we reverse the trial court's judgment as to the imposition of mandatory fines.

{¶ 8} Despite conceding the assigned error and anticipating our reversal of the judgment, the state requests that we either waive costs or, in the alternative, order Richey's trial counsel to pay the costs of this appeal. App.R. 24(A)(3) states that "[e]xcept as otherwise provided by law or as the court may order, the party liable for costs is as follows * * * [i]f the judgment appealed is reversed, the appellee." The state cites no authority that would permit the waiver of costs under these circumstances. Further, the state cites no authority that would permit the imposition of costs on the defendant's trial counsel under *any* circumstances. We therefore deny the state's unfounded request and order the state to pay the costs of this appeal pursuant to App.R. 24(A).

4.

### III. Conclusion

{¶ 9} We find Richey's assignment of error well-taken.  Trial counsel rendered ineffective assistance by failing to file an affidavit of indigency prior to sentencing.  We therefore reverse the judgment of the trial court as to the imposition of the mandatory fines and remand this matter for a limited resentencing so that the trial court may consider whether Richey is indigent and therefore unable to pay the mandatory fines.  Richey shall be provided sufficient time to file her affidavit pursuant to R.C. 2929.18(B)(1) prior to resentencing.  The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.