[Cite as *State v. Tebary*, 2016-Ohio-3095.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals No. L-15-1235

       Appellee                                         Trial Court No. CR0201501777

v.

Frank Tebary                                          **DECISION AND JUDGMENT**

       Appellant                                        Decided:  May 20, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Frank Tebary, appeals the judgment of the Lucas County Court of

Common Pleas which after accepting his guilty plea, sentenced him to nine years in

prison for rape, a violation of R.C. 2907.02 (A)(2) and (B) and a felony of the first

degree.  He was also classified as a Tier III sex offender.  For the reasons that follow, we affirm.

{¶ 2} Appellant asserts the following assignments of error:

I.  Appellant's guilty plea was involuntary and unknowing when the trial court failed to substantially comply with Crim.R. 11 by informing appellant of the punitive consequences of his plea.

II.  The trial court erred in imposing the cost of appointed counsel fees and costs of confinement.

{¶ 3} In his first assignment of error, appellant contends that because the trial court did not fully inform him of the consequences of his guilty plea, specifically the mandatory registration obligations as a sex offender, his due process rights were violated.

{¶ 4} "When a defendant enters a guilty plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily, and the failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Douglass*, 12th Dist. Butler Nos. CA2008-07-168 and CA2008-08-199, 2009-Ohio-3826, ¶ 9; *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).  In order for a trial court to ensure that a defendant's plea is knowing, voluntary, and intelligent, it must engage the defendant in a colloquy pursuant to Crim.R. 11(C).  *State v. Clark*, 119 Ohio St.3d 239, 893 N.E.2d 462, 2008-Ohio-3748, ¶ 25-26. Pursuant to Crim.R. 11(C)(2).  In order for a plea to be knowingly, intelligently, and voluntarily entered, a defendant must be "informed in a

2.

reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses in his behalf." *State v. Ballard*, 66 Ohio St.2d 473, 478, 423 N.E.2d 115 (1981).

{¶ 5} The rights found in Crim.R. 11 have been divided into constitutional and nonconstitutional rights. *State v. Manis*, 12th Dist. Butler No. CA2011-03-059, 2012-Ohio-3753, ¶ 12. As to the nonconstitutional notifications found in Crim.R. 11(C)(2)(a) and (b), which includes notification of the maximum penalty, "[a] trial court's 'substantial compliance' during the plea colloquy is sufficient for a valid plea." *State v. Seymore,* 12th Dist. Butler Nos. CA2011-07-131 and CA2011-07-143, 2012-Ohio-3125, ¶ 10. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Manis* at ¶ 12; quoting *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990).

{¶ 6} Here, appellant does not challenge the trial court's compliance with Crim.R. 11(C)(2)(c) as to his constitutional rights. Instead, he argues that the trial court failed to substantially comply with regard to his nonconstitutional rights, specifically as to the punitive nature of his plea, as provided in Crim.R. 11(C)(2)(a).

{¶ 7} Rape is a Tier III offense. R.C. 2950.01(G)(1)(a). The consequences of a Tier III classification include lifetime reporting, address verification, and community notification. The requirements set forth in R.C. Chapter 2950 are punitive in nature, and

3.

therefore, they must be explained to a defendant as part of Rule 11 colloquy. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16.

{¶ 8} At his plea hearing, the court addressed appellant as follows:

**The court:** Do you understand that if the court were to find you guilty of a sexually-oriented offense or child victim oriented sex offense, you will be classified as a Tier III sex offender?

**Appellant:** Yes, your honor.

**The court:** Depending upon your classification, you will have certain registration and continuing verification requirements and rules based upon the status. Do you understand that?

**Appellant:** Yes, your honor.

**The court:** Do you understand that it is possible based upon your classification status that the sheriff may be required to notify the victims, neighbors, schools, churches and other institutions of your name, address and offense?

**Appellant:** Yes, your honor.

**The court:** Do you understand that by being – by virtue of being convicted of a sexually oriented or child victim oriented sex offense that you may not reside within 1,000 feet of the premises of any school?

**Appellant:** Yes, your honor.

**The court:** Do you understand that failure to comply with these registration requirements is itself a crime and will result in criminal prosecution?

**Appellant:** Yes, your honor.

{¶ 9} The record indicates that appellant subjectively understood the maximum penalty resulting from his guilty plea, including his classification as a Tier III sex offender and the resulting registration requirements. During the plea hearing, the trial court correctly advised appellant that he would be labeled a Tier III sex offender. The trial court also notified appellant that he would be subject to certain registration requirements as a result of this classification. The trial court specifically informed him that he would be required to register with the sheriff of the county where he resides. However, the court did not inform him that the registration requirement was for every 90 days, for the rest of his life.

{¶ 10} Nevertheless, this omission does not invalidate his plea. The totality of the circumstances indicate that appellant subjectively understood that by pleading guilty to rape, he would be subjected to certain restrictions as a Tier III sex offender. Accordingly, we find that the statements made by the trial court with regard to appellant's registration requirements under R.C. Chapter 2950 were such that the trial court substantially complied with the nonconstitutional provisions of Crim.R. 11. Appellant's first assignment of error is found not well-taken.

5.

{¶ 11} In his second assignment of error, appellant contends that the court erred in imposing the cost of appointed counsel fees and the costs of confinement without fully considering whether or not appellant had the ability to pay.

{¶ 12} R.C. 2929.18(A)(5)(a)(ii) requires that the trial court impose against all convicted defendants a financial sanction for the costs of confinement in a state institution to the extent he is able to pay. Likewise, R.C. 2941.51(D) provides that the cost of appointed counsel must be paid by the county as approved by the court. The court can order the defendant to pay all or a part of the cost of appointed counsel but only if the court determines that the offender "[h]as, or reasonably may be expected to have, the means to meet some part of the costs of the services rendered." *Id.*

{¶ 13} Prior to the imposition of costs of assigned counsel and confinement, the court is not required to conduct a hearing on a defendant's ability to pay; rather, the record must contain some evidence that the court considered the defendant's financial ability to pay. *State v. Baughman*, 6th Dist. Lucas No. L-11-1045, 2012-Ohio-5327, ¶ 43, citing *State v. Maloy,* 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919, ¶ 13.

{¶ 14} At sentencing, the court stated that appellant:

[i]s found to have or reasonably may be expected to have the means to pay all or a part of the applicable costs of supervision, confinement, assigned counsel and prosecution as authorized by law, and ordered to reimburse the State of Ohio and Lucas County for such costs.

{¶ 15} The same finding was included in his judgment entry of sentencing.

6.

**{¶ 16}** The record shows that appellant, at age 79, was a veteran and had retired as a factory manager after 33 years of employment. We conclude that these facts support a finding of appellant's ability to pay the costs of confinement and appointed counsel. Accordingly, we find that appellant's second assignment of error is not well-taken.

**{¶ 17}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.