[Cite as *State v. Price*, 2016-Ohio-7633.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                    Court of Appeals No. L-16-1031

          Appellee                               Trial Court No.  CR0201402776

v.

Oscar Price                                      **DECISION AND JUDGMENT**

          Appellant                              Decided:  November 4, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, Claudia A. Ford,
Assistant Prosecuting Attorney, for appellee.

Steven Casiere, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Oscar Price, appeals the imposition of costs and consecutive

sentences from the January 20, 2016 judgment of the Lucas County Court of Common

Pleas.  For reasons that follow, we affirm.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. The findings made by the trial court when imposing consecutive sentences were not supported by the record.

2. The trial court erred in ordering Appellant to pay costs for confinement and assigned counsel fees.

## Background Facts

{¶ 3} In August 2014, police received a tip appellant was trafficking in drugs. The police conducted surveillance and arrested appellant for the trafficking.

{¶ 4} On November 6, 2014, the Lucas County Grand Jury indicted appellant and he was charged with trafficking heroin, cocaine, and marijuana, all felonies of the fourth degree, and with possession of heroin and cocaine, felonies of the fifth degree.

{¶ 5} On January 26, 2015, appellant entered an *Alford* plea to trafficking heroin and to amended charges for trafficking cocaine and marijuana. The amended charges were made fifth degree felonies and the possession charges were dismissed.

{¶ 6} At the plea hearing, the trial court informed appellant of consequences resulting from his plea. Specifically, the court informed appellant of "the potential of running the sentences consecutive[,]" and of the potential 42-month prison term. Appellant was also informed, among others, that his plea triggered a violation of his probation, of his waiver of right to jury, and of his right to appeal.

2.

{¶ 7} On February 11, 2015, appellant was sentenced to 17 months for trafficking heroin and 11 months for both the amended trafficking cocaine and marijuana charges. Appellant's sentences were set to run consecutively.

{¶ 8} Appellant timely appealed the February 11, 2015 judgment, asserting a sole assignment of error that the trial court erred in imposing consecutive sentences. Appellant did not, however, appeal the imposition of court costs and the cost of confinement.

{¶ 9} On November 17, 2015, this court vacated the sentence and remanded this matter for resentencing because the trial court failed to make the required findings under R.C. 2929.14(C)(4). The resentencing was not a do novo sentencing and the scope of remand was limited to make findings as to whether the imposition of consecutive sentences was necessary to protect the public from future harm or to punish appellant.

{¶ 10} On January 15, 2016, appellant was resentenced. The trial court imposed the same sentence as was imposed February 11, 2015. The sentence was journalized January 20, 2016.

{¶ 11} On February 17, 2016, appellant filed a notice of appeal. He now challenges the consecutive sentences and imposition of costs from the January 20, 2016 judgment.

**Assignment of Error No. 1**

{¶ 12} In the first assignment of error, appellant argues the trial court erred in imposing consecutive sentences because the record does not support the sentences were

3.

necessary to protect the public from future harm or to punish the offender. Appellee contends the record supports imposing consecutive sentences because the trial court made necessary findings under R.C. 2929.14(C)(4) and engaged in the appropriate analysis.

{¶ 13} An appellate court reviews consecutive sentences using the standard set forth in R.C. 2953.08. *See State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 10. Pursuant to R.C. 2953.08, "[a]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 23.

{¶ 14} R.C. 2929.14(C)(4) requires the court to make three findings: (1) consecutive sentences are necessary to protect the public from future harm or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offense, and (3) one of the conditions in R.C. 2929.14(C)(4)(a)-(c) exists. *See State v. Jude*, 6th Dist. Wood No. WD-13-055, 2014-Ohio-2437, ¶ 10.

{¶ 15} The trial court is not required to state specific words or phrases when the record reveals the trial court engaged in the appropriate analysis. *Jude* at ¶ 7, citing *State v. Wright*, 6th Dist. Lucas No. L-13-1058, 2013-Ohio-5903, ¶ 33. The findings required under R.C. 2929.14(C)(4) must be made in the sentencing entry and supported by the record. *Jude* at ¶ 10.

4.

**{¶ 16}** Here, appellant concedes R.C. 2929.14(C)(4) was complied with aside from the trial court failing to show consecutive sentences were "necessary to protect the public from future harm or to punish the offender." *See* R.C. 2929.14(C)(4).

## Findings Made at Sentencing

**{¶ 17}** At the January 15, 2016 hearing and in the January 20, 2016 entry, the trial court stated consecutive sentences were necessary to both protect the public from future crime and punish appellant. Specifically, at the January 15 sentencing hearing, the trial court pertinently stated:

> Court continues to be persuaded that defendant is not amenable to community control and that prison is consistent with the purposes of the sentencing statute. It's hereby ordered the defendant serve a term of 17 months as to Count 1, 11 months as to Count 5, and 11 months as to Count 3. The sentences are ordered to be served consecutive to one another. Consecutive sentences being necessary to fulfill the purpose of Revised Code 2929.11 and 2929.14(E) (sic) and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses. The court further finds to protect the public from future crime and/or punish this offender, the defendant in this particular case was under community control when the offense was committed and the defendant's criminal history requires consecutive sentences[.]

In the January 20 journal entry, the court pertinently stated:

5.

Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentences are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds the defendant was on community control, the harm was great or unusual such that no single prison term is adequate, and the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public, therefore the sentences are ordered to be served consecutively.

{¶ 18} Consequently, the record supports the trial court made the necessary findings under R.C. 2929.14(C)(4).

{¶ 19} Moreover, the record reveals appellant had a lengthy criminal history, which included being charged with over 40 misdemeanors and 4 felonies, the fact that trafficking for which appellant was accused allegedly occurred within 1000 feet of a school, and appellant violated a community control sanction when his plea was accepted by the trial court. Therefore, the trial court did not err in imposing consecutive sentences, as the necessary findings were made and the record reveals the appropriate analysis occurred.

{¶ 20} Accordingly, appellant's first assignment of error is not well taken.

6.

## Assignment of Error No. 2

{¶ 21} In the second assignment of error, appellant argues the trial court erred by imposing costs of attorney fees and confinement without considering his present and future ability to pay. Appellee contends the trial court did not err because the record indicates the trial court properly addressed and considered appellant's ability to pay.

{¶ 22} "R.C. 2929.18(A)(5)(a)(ii) requires that the trial court impose against all convicted defendants a financial sanction for the costs of confinement in a state institution to the extent he is able to pay." *State v. Tebary*, 6th Dist. Lucas No. L-15-1235, 2016-Ohio-3095, ¶ 12. "Likewise, R.C. 2941.51(D) provides that the cost of appointed counsel must be paid by the county as approved by the court." *Id*.

{¶ 23} "The court can order the defendant to pay all or a part of the cost of appointed counsel but only if the court determines that the offender has, or reasonably may be expected to have, the means to meet some part of the costs of the services rendered." (Quotations omitted.) *Id*.

## Res Judicata and Void Aspects

{¶ 24} "It is a longstanding principle that an offender's sentence that does not properly include a statutorily mandated term is contrary to law." *See State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 14, citing *Colegrove v. Burns*, 175 Ohio St. 437, 195 N.E.2d 811 (1964).

{¶ 25} Failure to consider an offender's ability to pay is a void aspect of a sentence which requires resentencing. *See Moore* at ¶ 13-14, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

{¶ 26} Without timely appeal, only void aspects of a sentence can be challenged because "[t]he remainder of the sentence, which the defendant did not successfully challenge, remains valid under the principles of res judicata." *Fischer* at ¶ 17.

{¶ 27} Here, appellant challenged his consecutive sentences but failed to challenge costs in his July 2015 direct appeal. Therefore, the scope of his January 2016 resentencing was limited to addressing the imposition of consecutive sentences successfully challenged on direct appeal. Thus, appellant can only challenge void aspects of his February 11, 2015 sentence.

{¶ 28} Of the costs he now challenges, only failure to properly address mandatory cost of confinement, which is mandated under R.C. 2929.18(A), has been deemed a void aspect by the Supreme Court of Ohio. *See Moore* at ¶ 17.

{¶ 29} Accordingly, appellant can only challenge cost of confinement because his challenge to cost of appointed counsel is barred res judicata.

**Cost of Confinement**

{¶ 30} R.C. 2929.18(A)(5)(a)(ii) specifically states the cost of confinement "shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement."

8.

**{¶ 31}** "[W]hile a sentencing court is not required to hold a hearing when determining whether to impose a financial sanction under this provision, the record must contain some evidence that the court considered the offender's ability to pay such a sanction." *State v. Bowman*, 6th Dist. Lucas No. L-11-1300, 2014-Ohio-3851, ¶ 34.

**{¶ 32}** For example, in *State v. Hocker*, 7th Dist. Belmont No. 12 BE 31, 2013-Ohio-5522, the appellate court vacated a portion of a sentencing entry which imposed cost of confinement and remanded for a determination of the offender's ability to pay. The record contained no statements the offender's ability to pay was considered prior to imposing the cost. *Id*. at ¶ 20. Specifically, the prosecution did not address it below, the sentencing entry contained no language referencing it, and the sentencing hearing transcript did not reflect the court addressed it in open court. *Id*.

**{¶ 33}** Contrary to *Hocker*, the record here reflects the offender's ability to pay was considered prior to imposing the cost of confinement.

**{¶ 34}** At the February 11, 2015 hearing, the court stated: "Defendant is found to have or reasonably may be expected to have the means to pay all or part of the applicable costs of supervision, confinement assigned counsel as authorized by law, and you're ordered to reimburse the State of Ohio and Lucas County for such costs."

**{¶ 35}** The February 2015 sentencing entry also stated: "Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs."

9.

**{¶ 36}** Therefore, the record contains evidence the trial court properly considered and addressed the offender's ability to pay the cost of confinement sanction, and further challenge is barred by res judicata.

**{¶ 37}** Accordingly, appellant's second assignment of error is not well-taken.

## Conclusion

**{¶ 38}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R.24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J. _____

_____
                                            JUDGE
Thomas J. Osowik, J. _____

_____
Stephen A. Yarbrough, J. _____                    JUDGE
CONCUR.

_____
                                            JUDGE