JOURNAL ENTRY AND OPINION
{¶ 1} In this accelerated appeal, appellant Matthew Budenz appeals his sentence as it relates to the suspension of his driver's license. He assigns the following two assigned errors for our review:
 "I. Defendant was denied due process of law when the court overruled his motion to vacate the five (5) year license suspension."
 "II. Defendant was denied due process of law when the court failed to modify the license suspension to coincide with defendant's imprisonment and release from imprisonment."
 {¶ 2} Having reviewed the pertinent facts and law, we affirm the trial court's decision. The apposite facts follow.
 Facts *Page 3 {¶ 3} On November 6, 2001, Budenz pleaded guilty to two counts of aggravated vehicular assault and one count of driving while under the influence. The trial court sentenced him to twelve months in prison for each of the aggravated vehicular assault counts and six months for driving while under the influence. All counts were ordered to be served concurrently. In addition, the trial court suspended Budenz's driver's license for five years and ordered the suspension to start upon his release from prison.
 {¶ 4} On October 24, 2002, this court modified Budenz's sentence to six months of incarceration and ordered that he be discharged from prison because he had served more than six months.[1] On June 23, 2006, Budenz filed a motion to vacate his license suspension or, in the alternative, to correct the license suspension term. The trial court denied the motion.
 Vacating of License Suspension {¶ 5} In his first assigned error, Budenz argues the trial court violated his due process rights when it refused to vacate his license suspension. Budenz maintains that this court's modification of his sentence from twelve months to six months transformed the suspension of his license into an illegal sentence because the term exceeds the statutory maximum of five years. We disagree. *Page 4 
 {¶ 6} In his prior appeal, Budenz did not appeal his license suspension. We modified his sentence based on our conclusion that the trial court failed to abide by S.B. 2, when it failed to impose the minimum sentence. Therefore, our prior decision did not encompass the license suspension. It only concerned the prison term.
 {¶ 7} Budenz, however, contends our decision, which vacated six months of his twelve-month sentence, causes the license suspension to extend beyond the allowed statutory length of five years. He argues that because he served eleven months, he should have been released five months earlier, and that this earlier date should constitute the date for commencing his suspension. He contends that by not using the earlier date, his suspension extends beyond the statutory maximum of five years by five months. We disagree.
 {¶ 8} The trial court clearly ordered that Budenz's license suspension commence once he was "released" from prison. This comports with the idea that the offender does not pose any risk while he is in prison and presumably not driving.[2] Therefore, although Budenz served five months more than the six months this court imposed, it did not effect the date his suspension was to commence. His suspension was clearly imposed to take effect upon his release and in no way was connected with the actual time he spent in prison. Consequently, because his *Page 5 
release from prison was the triggering event for the commencement of his suspension, the trial court did not err by refusing to vacate the suspension. Accordingly, Budenz's first assigned error is overruled.
 Correction of License Suspension Term {¶ 9} In his second assigned error, Budenz argues, in the alternative, that the trial court erred by failing to correct the effective date of his license suspension to commence on the date he should have been released from prison, versus the date he was actually released from prison. We disagree.
 {¶ 10} As we stated in his first assigned error, the suspension was clearly ordered to commence when Budenz was released from prison. Therefore, the trial court did not err by refusing to set the date the suspension was to commence five months earlier. Accordingly, Budenz's second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and MARY J. BOYLE, J., CONCUR.
[1] State v. Budenz, Cuyahoga App. No. 80679, 2002-Ohio-5845.
[2] State v. Hiles, 5th Dist. No. 03 CA 24,2003-Ohio-6290 at ]}40 ("driver's license suspension would have no meaning if it was imposed at the same time as appellant's incarceration.") *Page 1