JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Christopher Lewis ("defendant"), appeals the sentence entered by the Cuyahoga County Court of Common Pleas following his guilty pleas to numerous counts of burglary. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The review of the record reveals the following: In 2006, defendant pled guilty to 13 counts of burglary in three separate cases. Defendant was sentenced to a total term of 57 years in prison. He was also ordered to pay restitution to the victims.
 {¶ 3} Defendant appealed to this Court, and we affirmed his conviction, finding that the defendant knowingly and intelligently entered his guilty plea. See State v. Lewis, Cuyahoga App. Nos. 88627, 88628, 88629, 2007-Ohio-3640 ("Lewis I"). However, we remanded the matter for clarification as to the financial sanctions imposed upon the defendant. On remand, the trial court entered a nunc pro tunc entry ordering defendant to pay restitution to six of the victims.
 {¶ 4} Defendant appeals the judgment of the trial court and raises two assignments of error for our review.
 {¶ 5} "I. The trial court erred when it sentenced Mr. Lewis to a sentence that was inconsistent and disproportionate to sentences imposed on similarly situated defendants." *Page 2 
 {¶ 6} In his first assignment of error, defendant argues that his sentence of 57 years in prison is excessive and does not comply with the requirements of R.C. 2929.11 and 2929.12.
 {¶ 7} Defendant failed to raise this issue in Lewis I. Res judicata precludes a criminal defendant from raising on remand issues that could have been raised in his direct appeal. State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245. Accordingly, defendant is precluded, by operation of res judicata, from raising this issue at this stage. Id. See, also,State v. Williams, Lake App. Nos. 2007-L-131, 2007-L-137,2008-Ohio-2122; State v. Withers, Franklin App. Nos. 08AP-39, 08AP-40,2008-Ohio-3175.
 {¶ 8} Assignment of Error I is overruled.
 {¶ 9} "II. The trial court erred by imposing a financial sanction without considering appellant's present and future ability to pay."
 {¶ 10} In his second assignment of error, defendant argues that the trial court failed to consider his present and future ability to pay when it ordered him to pay restitution to six of the victims.
 {¶ 11} R.C. 2929.18(A)(1) allows the court to order a felony offender to make restitution to the victim of the offender's crime in an amount based on the victim's economic loss. Before ordering an offender to pay a financial sanction such as *Page 3 
restitution, R.C. 2929.19(B)(6) requires the court to "consider the offender's present and future ability to pay the amount of the sanction or fine."
 {¶ 12} A trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. Rather, courts look to the totality of the record to see if this requirement has been satisfied. See State v. Henderson, Vinton App. No. 07CA659, 2008-Ohio-2063; State v. Smith, Ross App. No. 06CA2893,2007-Ohio-1884; State v. Ray, Scioto App. No. 04CA2965, 2006-Ohio-853. A trial court complies with R.C. 2929.19(B)(6) when the record shows that the court considered a pre-sentence investigation report ("PSI") that provides pertinent financial information regarding the offender's ability to pay restitution. Smith, supra at ¶ 42.
 {¶ 13} Here, the trial court did not explicitly state in its restitution order that it had considered defendant's present and future ability to pay. However, it did state that it had considered the record and the PSI report. That report contains information regarding defendant's age, education, physical and mental health, and employment history. Defendant did not challenge the information contained in the PSI in the trial court, nor did he argue that he lacked the ability to pay restitution. Therefore, the record supports the conclusion that the trial court sufficiently considered defendant's present and future ability to pay restitution. See State v. Martin (2000),140 Ohio App.3d 327, 2000-Ohio-1942 (holding that consideration of *Page 4 
a PSI report that contains information about the offender's age, health, education, and work history satisfies the requirements of R.C. 2929.19(B)(6)).
 {¶ 14} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, J., and MARY J. BOYLE, J., CONCUR. *Page 1