[Cite as *State v. Simpson*, 2014-Ohio-4580.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101088**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NATHANIEL C. SIMPSON, SR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-573341-A

**BEFORE:** S. Gallagher, P.J., Rocco, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 16, 2014

**ATTORNEY FOR APPELLANT**

Sylvester Summers
Sylvester Summers, Jr., Co., L.P.S.
7804 Linwood Avenue
Cleveland, OH   44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: James A. Gutierrez
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

**{¶1}** Appellant Nathaniel C. Simpson, Sr.[1] appeals his conviction and sentence for tampering with records. For the reasons stated herein, we affirm.

**{¶2}** On April 25, 2013, Simpson was indicted on one count of tampering with records in violation of R.C. 2913.42(A)(1), as a third-degree felony because the letter at issue was kept by a governmental entity. The charges arose after Simpson submitted a forged letter during a civil action, *Jones v. Global Millenium, Inc.*, Cuyahoga C.P. No. CV-11-770401. The *Jones* lawsuit was brought in December 2011 against Simpson and his business, Global Millenium, Inc. ("GMI"), for damages arising from a breach of contract that involved the construction of a garage. That action resulted in a jury verdict against Simpson and GMI.

**{¶3}** During the civil action, there was an allegation concerning the validity of GMI. GMI had been cancelled in January 2007 due to what had appeared to be missing tax returns, when in fact the tax returns were incorrectly credited to the wrong franchise account by the Ohio Department of Taxation. On or about December 8, 2012, GMI received a certificate of reinstatement/qualification from the Ohio Department of Taxation. Thereafter, Simpson filed a petition for a new trial on the basis of newly discovered evidence. Attached to the petition was the certificate of reinstatement, an

---

[1] The record refers to Simpson both as Nathaniel C. Simpson, Jr. and Nathaniel C. Simpson, Sr. Simpson testified that he is in fact Nathaniel C. Simpson, Sr.

affidavit from Simpson, and an alleged letter of apology from the Ohio Department of Taxation.

{¶4} Simpson's defense counsel became concerned with the validity of the alleged apology letter and contacted the Ohio Department of Taxation. Without an authorization from Simpson, his counsel was unable to obtain information from the Ohio Department of Taxation. Simpson's counsel then filed a motion to withdraw as counsel.

{¶5} The judge in the civil action also had concerns about the authenticity of the apology letter and brought it to the attention of the Cuyahoga County Prosecutor's office. The alleged letter of apology was unsigned and contained an inaccurate telephone number, as well as spelling and grammatical errors. Raising further suspicion, around the same time as the alleged apology letter, a letter was issued from the Ohio Department of Taxation to Simpson that explained the circumstances surrounding the certificate of reinstatement.

{¶6} Following further investigation, Simpson was indicted in this case. He entered a plea of not guilty, and the matter proceeded to a jury trial.

{¶7} At trial, John Paulson, who is with the Ohio Department of Taxation, testified that the apology letter was not generated by his department. Simpson admitted during cross-examination that he created the apology letter and all of the contents within the document. He did so because he was angry with the state for wronging his company and failing to apologize, he believed the state was accountable for his company's demise, he was mad at the judge in the civil action because he did not believe he was treated fairly,

and he wanted to get a new trial. Evidence was also presented establishing that the apology letter was presented to the court and recorded in the clerk's office.

{¶8} The jury found appellant guilty of tampering with records that were kept by a government entity. The trial court sentenced appellant to five years of community control and assessed a maximum fine of $10,000.

{¶9} Appellant filed this appeal, raising three assignments of error. We begin by addressing the third assignment of error, under which appellant claims there was a lack of sufficient evidence to sustain his conviction.

{¶10} A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing a sufficiency challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶11} Appellant contends that he did not possess the requisite intent to support his conviction for tampering with records in violation of R.C. 2913.42. He claims that although his actions were improper, he was merely trying to correct gross clerical errors made by state officials with regard to the tax status and corporate legitimacy of his business.

{¶12} R.C. 2913.42(A)(1) provides as follows:

No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall do any of the following:

(1) Falsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record[.]

{¶13} R.C. 2901.22(B) defines "knowingly" as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." "Defraud" is defined in R.C. 2913.01(B) as "to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." Pursuant to R.C. 2901.22(A), purpose requires "an intention to cause a certain result or to engage in conduct that will cause that result." Tampering with records is a third-degree felony if the record is kept by or belongs to a local, state, or federal governmental entity. R.C. 2913.42(B)(4).

{¶14} Our review of the record reflects that appellant admitted to falsifying a writing. He fabricated the apology letter that appeared as if it had been issued by the Ohio Department of Taxation. Further, from the testimony, a reasonable factfinder could find that appellant knew he had no privilege to falsify the apology letter. The document was filed in the civil action in support of his motion for a new trial, reflecting a purpose to defraud the court. The court is a governmental agency. Viewing the evidence in a light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Appellant's third assignment of error is overruled.

{¶15} Next, we address appellant's first and second assignments of error. Under his first assignment of error, appellant claims he was denied effective assistance of counsel. Under his second assignment of error, appellant claims the trial court abused its discretion when it assessed a maximum fine and court costs without regard to appellant's ability to pay.

{¶16} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 200, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. The defendant has the burden of proving his counsel rendered ineffective assistance. *Perez* at ¶ 223.

{¶17} Appellant claims that although he was appointed counsel as an indigent defendant, his defense counsel never made any statements concerning his ability to pay, never objected to the imposition of a maximum fine of $10,000, and never filed an affidavit of indigency. We find no merit to this argument.

{¶18} Initially, we note that appellant's reliance on R.C. 2929.18(B)(1) for the filing of an affidavit of indigency is misplaced. That statute allows for the filing of an affidavit of indigency prior to sentencing for certain offenses that require the imposition

of a mandatory fine. None of the enumerated offenses under R.C. 2929.18(B)(1) are involved in this case.

**{¶19}** Further, defense counsel's failure to file an affidavit of indigency prior to sentencing constitutes ineffective assistance of counsel only when the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed. *State v. Miller*, 8th Dist. Cuyahoga No. 86505, 2006-Ohio-4752, ¶ 20. The record here is insufficient to establish a "reasonable probability" that the trial court would have found appellant indigent for purposes of the payment of the fine had counsel filed an affidavit prior to sentencing. Moreover, it cannot be said that there was a reasonable probability of a different outcome had defense counsel raised an objection to the imposition of the maximum fine.

**{¶20}** The maximum statutory fine for a third-degree felony is $10,000. R.C. 2929.18(A)(3)(c). A determination that a defendant is indigent for purposes of appointed counsel does not shield the defendant from paying court costs or a financial sanction. *Id.* "This is because the ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings." *State v. Kelly*, 145 Ohio App.3d 277, 284, 762 N.E.2d 479 (12th Dist.2001).

**{¶21}** Before imposing a financial sanction under section R.C. 2929.18, the court must consider the offender's present and future ability to pay the amount of the sanction or fine. R.C. 2929.19(B)(5). The court is not obligated to make any express findings,

but rather is required only to "consider" a defendant's ability to pay a financial sanction. *State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶ 55. Generally, a trial court complies with this requirement when it considers a presentence investigation report that contains information about the offender's financial situation and his ability to pay the financial sanction. *See State v. Lewis*, 8th Dist. Cuyahoga No. 90413, 2008-Ohio-4101, ¶ 13; *State v. Bulstrom*, 2013-Ohio-3582, 997 N.E.2d 162, ¶ 15 (4th Dist.).

**{¶22}** Here, the record reflects that the court did review the PSI report. That report contains information regarding the defendant's age, education, physical and mental health, and employment history. Further, appellant was not sentenced to any prison time. The PSI contained sufficient information from which the trial court could reasonably conclude that appellant would have the ability to pay the financial sanction imposed. Appellant's first and second assignments of error are overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
MARY EILEEN KILBANE, J., CONCUR