[Cite as *State v. Patterson*, 2020-Ohio-4832.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

    v. :

THOMAS C. PATTERSON, :

    Defendant-Appellant. :

No. 109167

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
**RELEASED AND JOURNALIZED:** October 8, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634869-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Timothy Troup, Assistant Prosecuting Attorney, *for appellee.*

Jonathan N. Garver, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Thomas C. Patterson ("Patterson") appeals his convictions and sentence imposed after a guilty plea to multiple charges. We affirm the trial court's judgment.

## I. Background and Facts

{¶ 2}   On December 10, 2018, Patterson was indicted by the grand jury on ten counts:

1.  R.C. 2925.03(A)(2), drug trafficking cocaine, a first-degree felony with mandatory term of incarceration;

2.  R.C. 2925.11(A), drug possession of cocaine, a first-degree felony;

3.  R.C. 2925.03(A)(2), drug trafficking marijuana, a fifth-degree felony;

4.  R.C. 2925.11(A), drug possession of oxycodone, a fifth-degree felony;

5.  R.C. 2923.23(A), possession of criminal tools, a fifth-degree felony;

6.  R.C. 2903.21(A), aggravated menacing, a first-degree misdemeanor;

7.  R.C. 4519.11(A)(1)(a), driving while under the influence, a first-degree misdemeanor;

8.  R.C. 4519.11(A)(2)(a), driving while under the influence, a first-degree misdemeanor;

9.  R.C. 2921.31(A), obstructing official business, a fifth-degree felony; and

10.  R.C. 2921.33(A), resisting arrest, a second-degree misdemeanor.

{¶ 3}   Patterson's counsel withdrew the day before the February 27, 2019 motion to suppress hearing and trial.  New counsel was retained, and trial was rescheduled for April 29, 2019.  On April 29, 2019, Patterson pleaded guilty as follows:

Count(s) 1 is/are amended to reflect that the amount of drugs is amended to greater than 20 grams but less than 27 grams. Mandatory

prison time of 2, 3, 4, 5, 6, 7, or 8 years. Mandatory (3) years post release control to apply. Defendant retracts former plea of not guilty and enters a plea of guilty to trafficking offense 2925.03(A)(2) [felony two] with forfeiture specification(s) (2941.1417) as amended in Count(s) 1 of the indictment. Defendant retracts former plea of not guilty and enters a plea of guilty to trafficking offense 2925.03 A(2) [felony five] with forfeiture specification(s) ([R.C.] 2941.1417) as charged in count(s) 3 of the indictment. Defendant retracts former plea of not guilty and enters a plea of guilty to aggravated menacing [R.C.] 2903.21 a [misdemeanor one] as charged in Count(s) 6 of the indictment. Defendant retracts former plea of not guilty and enters a plea of guilty to driving while under the influence of alcohol or drugs ([physical control]) [R.C.] 4511.19 A(2)(A) [misdemeanor one] as charged in Count(s) 8 of the indictment. Defendant retracts former plea of not guilty and enters a plea of guilty to resisting arrest [R.C.] 2921.33 a [misdemeanor two] m2 as charged in Count(s) 10 of the indictment.

Journal entry No. 108458469 (Apr. 29, 2019). Counts 2, 4, 5, 7, 9 were nolled. Patterson was ordered to forfeit seven cell phones, a scale, a 2007 automobile, and a marijuana grinder.

{¶ 4} On May 23, 2019, Patterson was sentenced to: (1) eight years on amended Count 1 and 12 months on Count 3 to run concurrently, (2) time served on Counts 6 and 8, (3) a mandatory $7,500 fine, (4) a five-year driver's license suspension that begins upon release, (5) three years of postrelease control, and (6) court costs. On November 10, 2019, this court granted Patterson's motion for leave to file a delayed appeal and appointed defense counsel.

## II. Assignments of Error

{¶ 5} Patterson presents four assignments of error:

I. The eight-year prison term imposed by the trial court is excessive, unsupported by the record, and contrary to law.

II. The trial court abused its discretion by imposing a mandatory $7,500 fine on Patterson when the court had been informed of Patterson's indigence and there was no evidence that Patterson would be able to pay the fine in the future. R.C. 2929.18(B)(1).

III. Patterson received ineffective assistance of counsel as a result of defense counsel's failure to file a motion and affidavit of indigence in order to avoid the imposition of a fine. Sixth and Fourteenth Amendments, Constitution of the United States, and Article I, Section 10 of the Constitution of the state of Ohio.

IV. The trial court abused its discretion and violated the law by delaying the commencement of Patterson's driver's license suspension until after his release from prison.

## III. Analysis

### A. Sentence

{¶ 6} In his first assignment of error, Patterson argues that his sentence is excessive, is not supported by the record and is contrary to law. Patterson states that the trial court imposed the maximum sentence for a second-degree felony with minimal explanation, and argues that the record lacks evidence of aggravating facts that support the imposition of the maximum penalty.

{¶ 7} Appellate courts apply the standard of review prescribed in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21-23.

> Pursuant to R.C. 2953.08(G)(2), an appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" either that the record does not support the sentencing court's findings or that the sentence is "otherwise contrary to law." A sentence is "contrary to law" if (1) the sentence falls outside the statutory range for the particular degree of offense or (2) the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth

in R.C. 2929.12. *See, e.g., State v. Thomas*, 8th Dist. Cuyahoga No. 107116, 2019-Ohio-790, ¶ 22; *State v. Lariche*, 8th Dist. Cuyahoga No. 106106, 2018-Ohio-3581, ¶ 14.

*State v. Wilkins*, 8th Dist. Cuyahoga No. 107982, 2019-Ohio-4061, ¶ 20.

{¶ 8} R.C. 2929.11 addresses the purposes of felony sentencing.

The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

R.C. 2929.11(A).

{¶ 9} R.C. 2929.12 addresses the statutory seriousness and recidivism factors that are used to guide a court's sentencing discretion.

Pursuant to R.C. 2929.12, the trial court has discretion to "determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The court must consider applicable factors from divisions (B) and (C) relating to the "seriousness of the conduct," and divisions (D) and (E) relating to recidivism. *Id.* The statute also permits the trial court to consider "any other factors that are relevant to achieving those purposes and principles of sentencing." *Id.*

*State v. McGowan*, 8th Dist. Cuyahoga No. 105806, 2018-Ohio-2930, ¶ 12.

{¶ 10} A sentence is contrary to law if the sentence is more or less than the statutory range or if the trial court does not consider the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 41, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. However,

in its consideration, the trial court is not mandated to make findings or give its reasoning for imposing more than the minimum sentence. *Id.* Therefore, a sentence is not contrary to law when it is within the statutory range and where the trial court considered R.C. 2929.11 and 2929.12. *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 14.

{¶ 11} In this case, Patterson pleaded to a trafficking offense, R.C. 2925.03(A)(2), a second-degree felony, with forfeiture specification(s) (2941.1417), as amended. The range for a felony of the second degree is a mandatory minimum of two years up to eight years' imprisonment. Patterson's eight-year sentence falls within the statutory range for a felony of the second degree. "Trial courts have full discretion to impose a sentence within the statutory range." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus.

{¶ 12} At the sentencing hearing, defense counsel advised the trial court that Patterson suffers from schizophrenia, bipolar disorder, substance abuse issues, and that he was remorseful. Bodycam evidence demonstrated that Patterson was verbally abusive and somewhat combative during the arrest and that he was particularly abusive to the female officer and stated that he would kill her.

{¶ 13} The arresting officer also addressed the trial court and testified that what should have been a simple traffic stop turned into a public spectacle that also placed the officers at risk. The officer continued:

And I was honest in my report when I said he was the most hostile, volatile, and combative person I've ever dealt with. I've been an officer for seven years. And both on scene and carrying over to the jail where I was legitimately fearful. After we put him in his cell, he was slamming so hard I thought he was going to break the door down.

(Tr. 62.) Patterson apologized to the officer. Patterson stated he was under the influence of PCP, cocaine, alcohol, and marijuana the night of his arrest. The state did not conduct chemical tests.

{¶ 14} The trial court pointed out Patterson's history of convictions beginning in 1992 that included involuntary manslaughter and aggravated vehicular assault. Two years after release from incarceration Patterson was sentenced to one year for drug trafficking. Patterson admitted to a substantial history of substance abuse and that he did not seek counseling for the addiction. The sentencing entry reflects, "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Journal entry No. 108858171, p. 1 (May 23, 2019).

{¶ 15} We find that the record clearly and convincingly supports the trial court's findings, and the sentence is not contrary to law. Patterson's first assignment of error is overruled.

**B. Ineffective Assistance of Counsel and Imposition of Fine**

{¶ 16} We address the third assignment of error out of order. Patterson states here that defense counsel's admitted failure to file a motion under R.C. 2929.18(B)(1) to avoid imposition of the mandatory fine constitutes ineffective assistance of counsel. We find that the assigned error has merit.

**{¶ 17}** To establish a claim for ineffective assistance of counsel, Patterson must show his trial counsel's performance was deficient, and that the deficient performance prejudiced the defense so as to deprive Patterson of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To establish prejudice, the defendant must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.

**{¶ 18}** "Ohio courts have consistently held that because trial courts have broad discretion when imposing financial sanctions upon a defendant, appellate courts review the imposition of financial sanctions for abuse of discretion." *State v. Cotto*, 8th Dist. Cuyahoga No. 107159, 2019-Ohio-985, ¶ 7, citing *State v. Theodorou*, 8th Dist. Cuyahoga No. 105630, 2017-Ohio-9171, ¶ 23.

**{¶ 19}** R.C. 2925.03(D)(1) provides:

If the violation of division (A) of this section is a felony of the first, second, or third degree, the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent.

**{¶ 20}** R.C. 2929.18(B)(1) provides:

For a first, second, or third degree felony violation of any provision of Chapter 2925 * * * of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section.

{¶ 21} A trial court shall impose a mandatory fine on a defendant unless: (1) the defendant files an affidavit with the court before sentencing that alleges the defendant is indigent and unable to pay the fine; and (2) it is determined by the court that the defendant is unable to pay due to indigence. R.C. 2929.18(B)(1), *Cotto*, 8th Dist. Cuyahoga No. 107159, 2019-Ohio-985, at ¶ 9.

{¶ 22} In addition,

> [t]he court is not obligated to make any express findings, but rather is required only to "consider" a defendant's ability to pay a financial sanction. *State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶ 55. Generally, a trial court complies with this requirement when it considers a presentence investigation report that contains information about the offender's financial situation and his ability to pay the financial sanction. *See State v. Lewis*, 8th Dist. Cuyahoga No. 90413, 2008-Ohio-4101, ¶ 13; *State v. Bulstrom*, 2013-Ohio-3582, 997 N.E.2d 162, ¶ 15 (4th Dist.).

*State v. Simpson*, 8th Dist. Cuyahoga No. 101088, 2014-Ohio-4580, ¶ 21.

{¶ 23} During the sentencing hearing, in response to the trial court's inquiry, defense counsel advised that an affidavit of indigency had not been filed. Counsel then stated, "I'd ask the Court to find him indigent. I mean, he lost everything, with drugs." (Tr. 71.) The trial court responded, "File a proper motion." *Id.* Counsel replied, "I will do so, Your Honor." *Id.*

{¶ 24} We find that our decision in *State v. Hubbard*, 8th Dist. Cuyahoga No. 99093, 2013-Ohio-1994, ¶ 5, is instructive here. Hubbard pleaded guilty to one count of drug possession under R.C. 2925.11(A). On appeal, Hubbard contended his appointed counsel was ineffective for failure to file an indigency affidavit and move to waive the mandatory $7,500 drug fine.

**{¶ 25}** "Where the record shows a 'reasonable probability' that the trial court would have found the defendant indigent and unable to pay the fine had an affidavit been filed," the courts of Ohio "have held that the failure to file an affidavit of indigency for purposes of waiving a mandatory fine constitutes ineffective assistance of counsel." *Id.* at ¶ 9, citing *State v. Gilmer*, 6th Dist. Ottawa No. OT-01-015, 2002-Ohio-2045, ¶ 5, citing *State v. Huffman*, 8th Dist. Cuyahoga No. 63938, 1995 Ohio App. LEXIS 233, *13 (Jan. 26, 1995), citing *State v. Powell*, 78 Ohio App.3d 784, 605 N.E.2d 1337 (3d Dist.1992).

**{¶ 26}** Patterson, who was 42 years of age at the time of sentencing, has several convictions beginning in 1992 as a juvenile and has served more than one term of imprisonment. His prior convictions include aggravated vehicular assault, involuntary manslaughter, and drug trafficking.

**{¶ 27}** Patterson also has a long history of drug and alcohol abuse, and unemployment. As counsel stated, Patterson "is an addict. He [has] been dealing with drugs and alcohol for the majority of his life, Your Honor." (Tr. 54.) Patterson was not eligible for mental health court but counsel advised that "upon his remand at the last hearing * * * [he] was diagnosed with bipolar and schizophrenia. He now takes his meds, Your Honor." (Tr. 54-55.)

**{¶ 28}** Patterson was deemed to be indigent when trial counsel was appointed. Also, this court found Patterson to be indigent for purposes of the appointment of appellate counsel and to secure the transcript. Though not determinative, these factors may also be considered by the trial court upon remand.

"A determination that a criminal defendant is indigent for purposes of receiving appointed counsel is separate and distinct from a determination of being indigent for purposes of paying a mandatory fine." *State v. Cruz*, 8th Dist. Cuyahoga No. 106098, 2018-Ohio-2052, ¶ 28.

{¶ 29} Based on the record and the total failure of defense counsel to file a proper motion as the trial court instructed, we find that there is a reasonable probability that the trial court would have found Patterson to be indigent and unable to pay the mandatory drug fine of $7,500. *See Hubbard,* 8th Dist. Cuyahoga No. 99093, 2013-Ohio-1994, at ¶ 10.

{¶ 30} Thus, the record demonstrates that Patterson was denied effective assistance of counsel by counsel's failure to file an affidavit of indigency and that he was prejudiced by this failure. *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The portion of the sentence imposing the fine is void and is set aside. *Hubbard* at ¶ 14, citing *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432.

{¶ 31} The third assigned error has merit. The matter will be remanded to the trial court for a hearing pursuant to R.C. 2929.18(E) and R.C. 2929.19(B)(5). Patterson's resentencing must be limited to the determination of indigency and whether the mandatory fine should be imposed. *Id.*

### C. Mandatory Fine Imposition

{¶ 32} Our determination of the third assigned error renders the second assigned error moot. App.R. 12(A).

### D. License Suspension

{¶ 33} Patterson's final challenge is to the trial court's imposition of a driver's license suspension effective upon his release from prison. Patterson pleaded guilty to drug trafficking under R.C. 2925.03(A)(2), a second-degree felony, for an amount greater than 20 grams but less than 27 grams, and R.C. 2925.03(A)(2), a fifth-degree felony. During the plea, Patterson responded that he understood that the two drug counts include a "possible driver's license suspension for a period of anywhere from six months to five years. That would apply to both drug counts." (Tr. 43.) Patterson also confirmed his understanding that the second OVI charge in a ten-year period and failure to take a breathalyzer test under R.C. 4511.19(G)(1)(a)-(b)(iv) was also subject to a license suspension for one to seven years. Driving privileges for each count were available after 45 days.

{¶ 34} This court has previously recognized that the imposition of a license suspension for trafficking drugs under R.C. 2925.03(G) that takes effect after a term of incarceration is not contrary to law. *State v. Yuravak*, 8th Dist. Cuyahoga No. 89891, 2008-Ohio-2186, ¶ 10, citing *State v. Budenz*, 8th Dist. Cuyahoga No. 88483, 2007-Ohio-2375, and *State v. Hiles*, 5th Dist. Delaware No. 03 CA 24, 2003-Ohio-6290.

{¶ 35} The fourth assignment of error is overruled.

## IV. Conclusion

{¶ 36} The trial court's sentence regarding the mandatory drug fine is void, and we vacate and set aside that portion of the judgment. The case is remanded for

resentencing solely as to the determination of indigency and whether the mandatory fine should be imposed.  The remainder of the judgment is affirmed.

It is ordered that each party bear their own costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR